IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CINDY B. HUNT, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>Branch Banking and Trust Company, )<br>Danny Fogle, Cathy Lambert, )<br>Judy Teal, and Kaci Sansbury, )<br>   Defendants. )<br>_____ ) | COMPLAINT<br>(JURY TRIAL REQUESTED) |

  The Plaintiff above-named. Complaining of the Defendant herein, would respectfully show this honorable Court the following:

### JURISDICTION

1. This action arises under the common and statutory laws of South Carolina, and under the laws of the United States, as hereinafter more fully appears.

2. The Plaintiff, Cindy B. Hunt, is a United States citizen and resident of the County of Horry, State of South Carolina.

3. The defendants Danny Fogle and Kaci Sansbury are, upon information and belief, United States citizens and residents of Horry County, South Carolina. Defendant Judy Teal is, upon information and belief, a United States Citizen and resident of Florence County, South Carolina. Cathy Lambert is, upon information and belief, a resident of Horry County, South Carolina.

4. The defendant Branch Banking and Trust Company (hereinafter BB&T), is a corporation headquartered in Winston-Salem, North Carolina. The branch in question is located at 310 Wright Boulevard, Conway, South Carolina 29526, in Horry County.

5. The events in question occurred in Horry County, South Carolina.

6. Plaintiff contends this none of the causes of action in this complaint is subject to arbitration for the reasons listed below and for other reasons that may be offered to the court in pleadings or at a hearing on this matter.

### FACTS

7.      The Plaintiff, **Cindy B Hunt** began banking at Coastal Federal Bank by in/around August 1993. Plaintiff, an attorney, opened personal and business accounts at this bank. She also obtained a mortgage from Coastal Federal Bank.

8.      In May 2000, Plaintiff Hunt opened a Payable on Death Account, naming her cousin, Costella Hunt Davis, as beneficiary. Plaintiff did this at the recommendation of Defendant Danny Fogle. The account was opened by Cathy Lambert, an employee of BB&T.

9.      Upon information and belief, the Payable on Death account was set up improperly by the defendants, as a joint account, with Plaintiff Hunt and Costella Hunt Davis as co-owners. The plaintiff continued to deposit money into the supposed POD account. Plaintiff made these deposits regularly.

10.     Coastal Federal Bank merged with BB&T in August 2007.

11.     Throughout, Plaintiff relied upon statements provided to her by Coastal Federal and by BB&T regarding the handling of her POD account.

12.     On January 19, 2008, Costella Hunt Davis visited the BB&T branch at 2619 Oak Street, Myrtle Beach, South Carolina, 29577, and inquired about her own account. Defendant Kaci Sansbury, an employee of BB&T, told Davis that she had a certain amount of money in her account. This was the amount of money in Plaintiff's Payable on Death account. When Davis protested, saying this balance was incorrect, Sansbury insisted, and disclosed further information about the Payable on Death account held by the Plaintiff.

13.     That same evening, Costella Hunt Davis described the improper financial disclosure and violation of privacy to the plaintiff.

14.     On/around January 22, 2008, the plaintiff began telephoning defendants, and the legal department at BB&T, complaining about this matter. Plaintiff contended, among other things, that her privacy had been violated and that defendants were prepared to disburse Plaintiff's funds to a third party. Defendants were non-responsive and denied any wrongdoing.

15.     Around late April, early May 2008, Plaintiff cashed a check at defendant BB&T that was later subjected to a "stop payment" by the issuing agency. Claiming they had the right of set-off, Defendant Bank withdrew the money for this check from Plaintiff's alleged Payable on Death account without obtaining Plaintiff's permission. Plaintiff demanded the return of these monies, and defendant bank refused.

16.     Plaintiff withdrew her bank accounts from BB&T, thus losing benefits. Plaintiff still has a mortgage account at BB&T.

17.    Plaintiff complained about this matter to the FDIC. Plaintiff believes that defendants omitted and/or gave false information to the FDIC regarding this matter.

**FOR A FIRST CAUSE OF ACTION:**
**FALSE ENTRY IN A BANK STATEMENT,**
**UNDER 18 USC 1005 AND OTHER STATUTES**
**AGAINST ALL DEFENDANTS**

18.    Each previous paragraph is repeated herein as if verbatim.

19.    Plaintiff contends that defendants made several false entries in bank statements, and in other places, regarding her accounts. These false entries were contained in bank statements, in statements to third parties, and within BB&T's computers.

20.    Plaintiff also contends that the defendants have transferred her money from one account to another, in an attempt to hide their actions, without Plaintiff's authorization or permission.

21.    These false entries were made intentionally.

22.    Because of these false entries, Plaintiff has lost bank services and benefits and suffered other damages.

**FOR A SECOND CAUSE OF ACTION:**
**COMPUTER FRAUD**
**UNDER 18 USC 1030 AND OTHER STATUTES**
**AGAINST ALL DEFENDANTS**

23.    Each previous paragraph is repeated herein as if verbatim.

24.    Defendants committed computer fraud by setting up Plaintiff's Payable on Death account, and other accounts, in a manner not authorized by the Plaintiff. This was on Defendant's protected computer.

25.    Defendant has made false statements to third parties, including Costella Hunt Davis, the FDIC, and to other third parties inconsistent with the wishes of Plaintiff or any authorization made by Plaintiff.

26.    Defendants have disclosed private information about Plaintiff and her accounts to third parties without Plaintiff's authorization.

27.    The fraud involved interstate commerce.

28.     Because of this computer fraud, Plaintiff has suffered losses in excess of $150,000, constituting loss of privacy, loss of benefits, and other damages.

### FOR A THIRD CAUSE OF ACTION:
### VIOLATION OF PRIVACY
### AGAINST BB&T

29.     Each previous paragraph is repeated herein as if verbatim.

30.     By disclosing Plaintiff's personal financial information, defendant BB&T violated Plaintiff's privacy as prohibited by the Gramm-Leach-Bliley Act (15 U.S. Code 6801-6809; 6821-6827 etc.).

31.     Because of this violation of privacy, Plaintiff has suffered losses in excess of $150,000, constituting loss of privacy, loss of benefits, and other damages.

### FOR A FOURTH CAUSE OF ACTION:
### FRAUD
### AGAINST DEFENDANTS BB&T, DANNY FOGLE.
### AND JUDY TEAL

32.     Each previous paragraph is repeated herein as if verbatim.

33.     Defendants conspired to hide their wrongdoing from the plaintiff, from the FDIC, and from other third parties. This fraud involved representations to the plaintiff, to the FDIC, and to other third parties regarding the set-up of Plaintiff's POD account and privacy violations made from the information in that account.

34.     Plaintiff had reason to rely on those representations by her bank.

35.     Defendants' statements met the following elements of fraud:

   a)   Defendants made false representations to the plaintiff and to third parties such as the FDIC regarding Plaintiff's POD account, stating that it was set up correctly, when it was set up as a joint account. Defendants also stated that no breach of privacy had occurred.
   b)   Defendants knew or should have known that their statements were false.
   c)   Defendants statements were material in that a POD account should be handled differently than a joint account, and the differences involve access to the money in the account, and access to information about the account.
   d)   Defendants made their statements to the FDIC and to others with reckless disregard for the truth.
   e)   Defendants intended that the FDIC and other third parties act upon their statements.

    f)    Plaintiff was ignorant of the falsity of these statements
    g)    Plaintiff and other third parties relied on these statements
    h)    Plaintiff had a right to rely on these statements
    i)    Plaintiff was injured by a loss of privacy and a loss of benefits.

36.    Because of this fraud, Plaintiff has suffered losses involving loss of benefits, loss of privacy, and other damages.

### FOR A FIFTH CAUSE OF ACTION:
### NEGLIGENT MISREPRESENTATION
### AGAINST DEFENDANTS BB&T, DANNY FOGLE.
### AND CATHY LAMBERT

37.    Each previous paragraph is repeated herein as if verbatim.

38.    From the time the plaintiff opened her POD account in May 2000, the defendants made false representations to the plaintiff regarding the handling of that account and the nature of that account.

39.    Plaintiff had reason to rely on those representations by her bank.

40.    Defendant's statements met the following elements of negligent misrepresentation:
    a)    Defendants made false representations to the plaintiff in assuring her that she had a POD account that would be handled as such;
    b)    Defendants had a pecuniary interest in making those statements in that they wanted to retain Plaintiff's business
    c)    Defendants owed a duty of care to the plaintiff, as her banker. Defendants should have handled Plaintiff's account properly.
    d)    Defendant breached that duty of care by mishandling her POD account and treating is as a joint account;
    e)    Plaintiff was justified in relying on the representations of her bankers.
    f)    Plaintiff suffered a pecuniary loss by having to move her accounts to another bank and thus losing benefits. Plaintiff also suffered a loss of privacy when the balance in her account was revealed to the beneficiary.

41.    Because of these negligent misrepresentations, Plaintiff has suffered losses involving loss of benefits, loss of privacy, and other damages.

### FOR A SIXTH CAUSE OF ACTION:
### CONVERSION
### AGAINST BB&T

5

42. Each previous paragraph is repeated herein as if verbatim.

43. On more than one occasion, Defendant BB&T misappropriated the money in Plaintiff's alleged POD account.

44. The first misappropriation occurred when the account was opened, not as a payable-on-death account but as some other account (probably a joint account), subject to withdrawal by a third party (Costella Hunt Davis), and to usage by the bank itself.

45. Every time the plaintiff deposited money into the supposed POD account, the defendant Bank performed an additional act of conversion. Plaintiff deposited many thousands of dollars into this supposed POD account over the years.

46. An additional act of conversion occurred after January 2008, when BB&T changed the account to a payable-on-death account without Plaintiff's permission.

47. An additional act of conversion occurred toward the end of April 2008, when defendant Bank utilized set-off to cover a check cashed by Plaintiff that was subject to stop-payment Defendant bank withdrew the money from Plaintiff's POD account.

48. Because of these multiple acts of conversion, Plaintiff suffered from damages including loss of funds deposited into the account, loss of privacy, loss of benefits, and other damages.

### FOR A SEVENTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY AGAINST BB&T

49. Each previous paragraph is repeated herein as if verbatim.

50. When the plaintiff deposited her money into the supposed POD account at defendant Bank, she had a right to place her trust in the bank. Plaintiff relied on the bank to create a POD account, which the bank failed to do.

51. Defendant bank breached their duty of care when they failed to create the POD account that Plaintiff had requested.

52. Because of this breach of fiduciary duty, Plaintiff suffered a loss of funds, a loss of privacy, and a loss of benefits.

53.     Plaintiff asks this court to assess actual and punitive damages against BB&T for this breach of fiduciary duty.

### FOR AN EIGHTH CAUSE OF ACTION:
### VIOLATION OF SOUTH CAROLINA PROBATE CODE
### AGAINST BB&T AND DANNY FOGLE

54.     Each previous paragraph is repeated herein as if verbatim.

55.     When the plaintiff deposited her money with BB&T, she opened a Payable-on Death (POD) account at the suggestion of Danny Fogle, BB&T employee.

56.     Defendants violated the South Carolina Probate Code (62-6-101 et seq;, including 62-6-103(b) when they failed to treat the account as a POD account.

57.     This violation continued every time the plaintiff made a transaction with the account, such as a deposit, withdrawal, etcetera.

58.     This violation first became clear in January 2008 when the bank revealed private account information to the beneficiary of the POD account.

### FOR AN NINTH CAUSE OF ACTION:
### BREACH OF CONTRACT
### AGAINST BB&T

59.     Each previous paragraph is repeated herein as if verbatim.

60.     When the plaintiff deposited her money with BB&T, she opened a Payable-on Death (POD) account at the suggestion of Danny Fogle, BB&T employee.

61.     When defendants failed to treat this account as a POD account, they violated their Bank Services agreement which states that a POD account is the property of the owner until the owner's death.

62.     This violation continued every time the plaintiff made a transaction with the account, such as a deposit, withdrawal, etcetera.

63.     This violation first became clear in January 2008 when the bank revealed private account information to the beneficiary of the POD account

64.     Damages resulting from this breach of contract include conversion of the funds in the account, and breach of Plaintiff's privacy.

**WHEREFORE**, the Plaintiff prays this Court for the following relief:

A) Benefits lost from the closing of Plaintiff's bank accounts;
B) Punitive damages;
C) Reparation for the loss of Plaintiff's privacy, that continues now and into the future;
D) Attorney's fees and costs for bringing this action;
E) Any other relief this Court finds just and proper.

Respectfully submitted,

DATE: August 14, 2009                              /s/Laura P. Valtorta
                                                    Laura P. Valtorta (FID 5850)
                                                         Attorney for Plaintiff
                                                    903 Calhoun Street
                                                    Columbia, SC 29201
                                                    (803) 771-0828